Case No. 13-7119. Mr. Stoltz, do you want five minutes for rebuttal? I do, Your Honor. Okay. You can proceed. Thank you, Your Honor, and good morning. May it please the Court. The Veterans Court erred in its interpretation of 38 CFR Section 3.156e. That regulation was triggered when VA granted service connection and compensation for Mr. Blubaugh's psychiatric condition in 2008 because additional service records were added after the first denial of benefits in 1989. What were the additional service records? Just the Form 20? The Form 20. The DA Form 20 is the additional service record in this case. But wasn't it before them at the time of the second rejection? It was. It was before them in 1993, but it was not before them at the time of the first denial, which was in 1989. And the plain language of the regulation specifically contemplates the first denial of the claim or the first adjudication of the claim. So 1993 is the wrong rating decision upon which to focus when interpreting and applying. Wait. So we've got this regulation that says you need to reopen whenever there's new material that's provided to you. So there's a claim, and then they reopen and consider it. And then are you saying that you can keep going back and asking to reopen again and again and again just based on that first absence of information? I'm saying that you're looking at reopening. The trigger in this case is the grant. So he reopened in 2008 because he submitted new and material evidence under 3.156A. So that reopens it. So it's not going to be an in perpetuity type of thing. It's not going to be the onerous burden that the Secretary argued in his brief that it would be. What happens is a case would be reopened – in this case it was in 2008. They grant. That triggers it. In a lot of grants, there aren't going to be newly associated service records. So that's the end of the game. And there wasn't newly associated service records with the grant here either. There were because they were new in that VA first adjudicated the case in 1989. They weren't new with regards to a reconsideration though. Let me ask you this. If these service medical records have been associated with the claim prior to the first denial, and it had been denied, and then the veteran came in and submitted new and material evidence after that first denial, there's no reason we would look back to those service medical records anymore, right? No, because the regulation wouldn't apply. So you're relying basically on the fact that it says, I guess, in 3.156Z, well, wherever it is, that it's the initial denial. But isn't the whole title of the regulation is new and material evidence? And part C relates to service medical records that are new and material evidence. Not necessarily medical. Department records. Sorry, but that's what it's referring to. It's referring to, here are some different categories of new and material evidence. Here's how you treat them. And C relates to new and material service records and says, if they should have been associated with the claims file, you get certain effects. But the service records you have now are new material. They weren't what you submitted as new and material evidence to get your claim granted. That was something else. That's focusing again on what's provided for in A. The way that the regulation works is because – and that's why it's entitled service department records. What happens when service department records that should have been there when they decided – they should have been there in 1989, and they were not. And that's not the veteran's fault, and that's the reason for the regulation. But they were there later, and the claim was still denied. But they were there later, right before the 1993 decision was made. But that doesn't matter. There was no grant in 1993. And the regulation contemplates when there was a grant. If there was a grant in 1993 – Doesn't the regulation contemplate when there's a grant based on the service records? I don't believe so, Your Honor. I believe that the regulation only decides because A is when something is reopened. Then it gets granted. So it's granted because of a lot of different things. And it was granted, to be perfectly fair. It was granted because of a lot of different things in 2008. There was medical evidence. They shored up his stressor. They shored up his service dates, etc., etc. And so that's why they grant it. So they grant the case under 3.156A. Now, that's not the end of the inquiry, because now they've granted the compensation and the service connection. Now they just need to do one more thing. They need to apply 3.156C, which specifically contemplates service records that were associated with a file after the first denial, and determine if those came in after the first denial, then they need to consider whether or not it should go back to the original claim. So under your view, if the VA somehow fails to get the proper records before a claim is decided, any time new and material evidence is submitted at any time thereafter, it could be somebody comes in five different times with what they claim is new material evidence, all rejected. The sixth time they come in with new and material evidence, they still have to look back at service records that may have been considered in each of those five previously denied claims because VA didn't associate it with the claim file at the first time. At the first denial. Exactly, Your Honor. That's the way the regulation reads. I understand that that's your view of the plain language regulation. I mean, is that anywhere close to what you think VA intended here? Yes, I think it is, Your Honor, because in reading the Federal Register… Why would that ever happen? The idea of the whole system. Let me ask you that, because if that's your position, then why wouldn't every time, why wouldn't that apply to service medical records prior to the first day, too, as a policy reason? The policy reason is if there are service medical records out there that may support the claim in addition to other evidence, why shouldn't the VA look back to those every single time? Because that's a different scenario. If the service records are in there at the time they initially decide the claim, then the rest of the claims regulations in the statute apply because that's the way it's written. That's the way the regulatory scheme in the statute is written. That's right, but I understand this, and I understand you're relying on what you think is the proper plain language interpretation, but it seems to me that that can't be what VA intended, because in this case, we don't have a lot of denials, but your logic would lead to if a service medical record came in after the first denial, and they revisited under this regulation and still denied, and then your client submits new material evidence a dozen different times, every single time they have to look back at that service record, even though it had already been denied based upon that. But, Your Honor, that's the way it works now. Every single time a veteran claims that he or she has new and material evidence, the VA adjudicates it, and they either say most of the time, frankly, from my experience, most of the time, they say this evidence isn't new material. We're not going to adjudicate your case. It could be 7 or 8, 10, 12, 20 times later, finally, maybe they go out and they get all of the evidence that they need, and the VA does reopen it. Now we're under it. VA reopens it. They say, yes, we're going to reconsider your claim, and you know what? You submitted enough stuff this time that we're going to grant you service connection. We're going to give you a 10% rating. They do that that time. One more step. Take a look, because they're supposed to. VA is under an obligation to consider the entire claims file. Look through that claims file. If a relevant, and remember it has to be a relevant, service department record was associated after they first denied the case, there's only one time that they first denied the case in your instance, Your Honor. It's not onerous. They haven't reopened it a million times. So they look back. If something comes in after that first denial that is a service record that should have been associated with that claims file, and it's relevant, then they need to consider whether or not, and it's just a consideration. Remember, this is not automatically it goes back to 1988. They are supposed to consider whether or not it should go back to the original time that he filed the claim that was denied when service department records were. There's been an argument that you should have argued this back in 1993, but it seems to me that part of your argument is that, no, I didn't have to argue this in 1993 because there was no trigger. There was no grant. And the part of the regulation that relates back to the original denial, the 1988 denial, doesn't come into play unless you've actually received a disability rating. Right. That's exactly right, Your Honor. In 1993, it's essentially, and we said in our pleadings, it's essentially a no moment here. Because what happened in 1993 was a denial. It was years later that there was a grant, and when there was that grant, that triggered the analysis that there should have been a consideration of whether or not the proper effective date should go back. But before we even look at a service connection, he's got to have a diagnosis. He didn't even have a diagnosis until 2008. He shored up the diagnosis in 2008. That's the medical evidence that came in. Or VA said that he shored up his diagnosis in 2008. Well, that was the basis of the grant. That was a basis of the grant. Right. Both in 1989 and 1993, they said he hasn't been diagnosed, and those became final. But again, in 1993, it was a denial. There's no reason to do the 3.156C analysis because he didn't have enough evidence to grant it then. Once they reopened it and granted it, then they need to just take a look back and see if they – Setting apart your reliance on the language of the regulation, is there any policy reason, based upon what you're arguing, that they shouldn't look at service medical records any time, whether they were associated with the claim before the initial denial or not, or are you just basing it on the way this regulation works? The VA should always look at service records. They're always relevant, and in fact, they're always supposed to. That is the theory under which I do my job, frankly, under which when you represent veterans before the Department of Veterans Affairs, you are supposed to presume – there's a presumption of regularity that the regional office, that the Board of Veterans' Appeals, look at the whole claims file. And in fact, that VA doctors look at the whole claims file. So it's nothing new. They're supposed to always look at the whole claims file. The thing is, when they look at the whole claims file and a relevant service department record comes in after an initial denial, and now years later they've granted it, they need to consider whether or not – But you agree that if they come in before the initial denial, then this regulation wouldn't come into play. That's correct. And the effective date would be the new material evidence. So I don't understand your whole point about looking at the whole file. Of course, they always look at the whole file, but they don't look at the whole file and the service medical records date submitted before the initial claim for purposes of determining the effective date. And what I'm trying to get at is your logic for why that makes any difference beyond the plain language of this regulation or what you think is the plain language. I think that the policy reason behind it, and again, the Federal Register is illuminating on this, the policy reason is, in your honor's hypothetical, VA's done its job. Because VA is under a duty to assist. Right, right. But your problem is that VA has also done its job here in that the service medical records came in after the initial denial. They looked at it. They still denied. They corrected that mistake. What got you the grant here was you finally got a diagnosis many years later. And under the new material evidence regulations, that's the new material evidence that gives you the effective date, isn't it? It's the new material evidence that reopens the case. Again, remember that the remedy here today is not that he's going to get a 1988 effective date. That's not the remedy. He doesn't just get a 1988 effective date. He gets consideration of whether or not it should go back to 1988. So if, in fact, he didn't develop PTSD until 2008, that's fine. But your point is he always gets consideration of how far back it should go. I mean, he can always argue that there's something in the record that it should be tied back to. This isn't the point of 3.516C. The point of this is to correct an error when VA didn't consider medical records, or service records, sorry, I keep using the wrong words. You know what I mean. But service records that should have been there, and but for them not being there, the person would have got a grant, and they don't want to disadvantage the veteran. But in this case, they came in later. It was denied. And so I don't see how this applies, except on what I think you're giving me as a very technical reading of the regulations. There's no but for in there. It's not saying that but for these service records he would have been granted. That's not what the regulation contemplates. The regulation contemplates whether or not it's under the heading of new and material evidence. So reading the regulation as a whole, it suggests that service records are the new and material evidence. And there's no dispute that they're not the new and material evidence here. They're not the new and material evidence that reopened the case. They are new and material in that they weren't there. How could they possibly be new when they were submitted way before and had already been looked at? Because they're not new. I understand your point. They should have been considered as material. Maybe they were. But they're material. And the reason that the Department of Veterans I don't mean to argue with you. You can finish. But Your Honor brings an interesting point. And it's the point that the lower court, that the Veterans Court, got hung up on here. And they keep getting hung up. They keep getting wrapped around that 1993 denial. They say, look, they were there then. And so no harm, no foul here. Because VA had a chance to consider them then. But that's not the right thing to look at under the plain language. And the plain language is very broad. And it says, after the first decision on the case, they will reconsider whether it should go back in time. And the idea is to afford justice to veterans who, because of the fault of the Department of Veterans Affairs, didn't have the relevant service records before the initial adjudicator. And so it seems to me that your argument is it doesn't matter at all what the early or effective date of a disability is if you lose. But it does matter if you win. So if your case is reopened under A, 3156A, which is new and material evidence, and that's what happened here, and you win, now you have a disability. Now the question is, is there an early or prior effective date? And your argument is, yes, if you apply this particular provision and there was an official document, the form 20, that was submitted after the initial denial in 1988, then the effective date goes back to the initial denial. Is that your argument? That is exactly my argument. Not necessarily, though, just one minor thing. Not necessarily that the effective date automatically goes back to 1988, but that it should be considered whether it should go back to 1988. All right. We'll give you three minutes for rebuttal. Thank you, Your Honor. May it please the Court. As Judge Hughes and I believe Judge O'Malley have both pointed out, 3.156C was intended to remedy an error or deficiency in VA's consideration of a claim and to protect veterans from being penalized or not receiving service connection that they're rightfully entitled to simply because a relevant and available service record was not associated with the claims file at the time the claim was considered. Now, this service record was available and part of the claims file in 2008 when the rating decision was made, right? Yes. It was also available in 1993 when the VA reconsidered the claim and again denied service connection, finding that one, there was no diagnosis of PTSD and secondly, also finding that there was no evidence of a confirmable stressor in the record. So there's really three insurmountable problems that Mr. Bluvaugh faces in this case and why 3.156C just cannot apply here. First, as the panel has pointed out, the document was not new in 2008 and it was considered in 1993 and service connection was still denied. Where does the regulation support your argument? I mean, when I read it, the regulation says it refers to a claims file when the VA first decided the claim and I'm reading under C1. Yes, so... So at any time after the VA issues a decision, if the VA receives and it goes on and it refers to a claim and it says records that existed that had not been associated with the claim following the first, when the VA first denied it, it's not talking about subsequent denials, it's talking about when it first denied the claim, then it'll reconsider. Where is your regulatory support that there's a limitation here as to the effectiveness of the new material evidence coming in after these denials? Well, we don't believe that there's any limitation on when a service record can be added. So what C1 is discussing is when reconsideration is triggered. Now, Mr. Blublaw has conflated paragraph A and C, but C really stands alone. So even if there had been a decision in 1989 and then 1993 and then it wasn't until 2008 that, say, a relevant service department record was added to the file and it wasn't considered initially, reconsideration would then be triggered based on the addition of that service record. However, the effective date in paragraph C, if you just logically follow the sequence of the regulation, that effective date provision applies only after C1 has been triggered, so reconsideration under C1. C3 does not apply when a claim, as I believe Judge Hughes pointed out, is reopened based on new medical evidence or some other new evidence other than the service record, which is what happened in this case. Isn't C1 just an exception to the normal rule that when you have new material evidence, the date of entitlement goes to that date rather than some other date? Because for service records, those are records VA should have gotten. And so if those come in later, if the veteran submits them later, or the VA gets them later, he or she shouldn't be punished because VA didn't fulfill its obligation to get the duties. But normally, on a new material evidence claim, the date of entitlement is when the new records are submitted. Correct, or the latter of the date of when the claim or entitlement arose. And this is also made clear if you look back at the Notice of Proposed Rulemaking included on Supplemental Appendix Page 19, where it talks about incorporating the substance of the prior Section 3.400Q2, which governed effective dates. And it says that that section, which says, We propose to include the substance of the current 38 CFR 3.400Q2 in revised 3.156C, the current 3.400Q2 governs the effective date of benefits awarded when VA reconsiders a claim based on newly discovered Service Department records. Also on Supplemental Appendix Page 20, in the middle column, about halfway down, it says, Any award of benefits as a result of such reconsideration would be effective on the date entitlement arose or the date of the claim, whichever is later. And so, both from the plain language of the regulation and the regulation's history, I think it makes clear VA's purpose that this is just an exception to the general effective date for new and material evidence so that a veteran is not penalized when he would otherwise be entitled to service connection, but for that missing Service Department record. Here, basically, the fact that Mr. Blublaw is trying to establish this with this record, that he was in Vietnam, was clearly established in the record in both 1989 and 1993, and ultimately the reason why he was not service-connected prior to 2008 was simply because he did not have a diagnosis. And although this is really a factual issue, not for this Court to consider, there are documents in the record that also show he did not have a diagnosis of PTSD in 2004, 2006, and 2007. So, to the extent that he's trying to use this limited exception to get an earlier effective date, it simply just doesn't apply here. If the Court does not have any further questions, we will end. Your Honors, since we're reading from the Federal Register, I would also like to invite the Court's attention to an explanation for why there is this exception. It's at the Supplemental Appendix, page 19, and it says, The exception applies when VA receives official Service Department records that were unavailable at the time the VA previously decided to claim for benefits,  that was not available at the time the VA previously decided to claim for benefits. Under this exception, the effective date of such an award may relate back to the date of the original claim or the date entitlement arose, even though the decision on that claim may be final. Right, but here it's the Form 20, but not what led the VA to grant. What led the VA to ultimately grant was that he finally got a diagnosis. And there is no requirement in 38 CFR Section 3.156C that says, led to. But that's what you just read and that's from the Federal Register. Isn't that evidence of what the Secretary's intent about the decision was? No, because it's explaining what's in the regulation and the regulation's plain language should control. It's not led to, it's relevant to. So this is an explanation of things that can happen, but the way that the VA's regulation was promulgated was as the point was to remedy administrative wrongs, which we're not arguing over, it's just whatever the administrative wrong is. I am submitting, and Mr. Blubaugh submits, that the administrative wrong here was that in 1989, when it first decided the claim, this relevant service record wasn't there. In 2008, he was granted service connection, and so all the VA has to do, it's not a claim for clear and mistakable error, it's nothing too onerous, all the VA has to do is, if there is a grant of service connection and compensation. Let me just wrap this up. Your argument rests entirely on your plain reading, right? Yes, Your Honor. If we find this is ambiguous, is there any reason that the Secretary's reading is unreasonable? If there is an ambiguity here, I don't believe there is, I think it's a plain language, but I think that the Federal Register read as a whole, and looking at the point of the entire VA system, I think that that is the Secretary's interpretation, not the post-doc rationalization they have done in this pleading. But that should be looked at and given deference, not what they are arguing today. Okay. Thank you, Your Honor. Thank you.